IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LEE ROY STANSBERRY,

        Plaintiff,

vs.

ALASKA COURT SYSTEM, et al.,

        Defendants.

Case No. 3:06-cv-00090-RRB

ORDER TO DISMISS

       Lee Roy Stansberry, a self-represented prisoner, filed a civil rights action, along with an application to waive prepayment of the filing fee, under 28 U.S.C. § 1915, in the United States Court for the Western District of Washington, which was transferred to this Court.[1] Mr. Stansberry has named sixteen defendants, including the Alaska Court System and other state agencies, the governor, state judges, the state's attorney general, and federal public defenders.[2]  He requests, in his fairly illegible and unintelligible complaint, that "the Federal Courts of the United states

---

[1]  *See* Docket No. 15.

[2]  *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (A public defender is "as a matter of law, ... not a state actor.").

Congress ... move [the] Permanent Fund Division to Tacoma, Washington," and that "all departments of revenue should be accounted, by another state, especially the prison, police, lawyer firms, insurance firms, etc...."

<u>Section 1915 Screening</u>

First, the Court must screen Mr. Stansberry's complaint, and must dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3]  As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[4] In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[5]

---

[3]  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[4]  *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[5]  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ...  Additionally, in general, courts must construe *pro se* pleadings liberally."); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v.*

Before a court may dismiss Mr. Stansberry's complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[6]  Here, amendment would be futile.

<u>Frivolous Claims</u>

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[7]  A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[8]  Plaintiff's claims, as stated, are frivolous, and it would be a waste of Court time and resources, as well as unfair to Mr. Stansberry who would be charged with the filing fee in this case, and to the defendants, most of

---

*Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

[6] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[7] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[8] *Cato*, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted).  *See also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

whom as immune from suit,[9] to proceed with this case.   Further, to the extent Mr. Stansberry complains about his state court case, he may not do so through a civil rights action.   Instead, habeas corpus is his exclusive remedy,[10] after complete exhaustion of his state court remedies.[11]

**IT IS HEREBY ORDERED** that:

1.      This case is DISMISSED under 28 U.S.C. § 1915(g),[12] with prejudice; and

---

[9]  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349 (9th Cir. 1990); *Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Martinez v. Newport Beach City*, 125 F.3d 777, 780 (9th Cir. 1997); *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986);  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

[10]  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), quoting *Heck*, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'")

[11]  *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. ... A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition.")

[12]  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

2.      Any outstanding motions are DENIED as moot.


        DATED this 26th day of April, 2006,  at Anchorage, Alaska.



                                        /s/RALPH  R.  BEISTLINE
                                        United States District Judge

---

imminent danger of serious physical injury."  28 U.S.C. § 1915(g).